73 F.3d 359
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lamorris WATSON, Defendant-Appellant.
 No. 94-5798.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 3, 1995.
Decided Dec. 26, 1995.
 
 ARGUED: Kevin Lee Barnett, LAW OFFICE OF HAROLD BENDER, Charlotte, North Carolina, for Appellant. Robert James Conrad, Jr., Assistant United States Attorney, Charlotte, North Carolina, for Appellee. ON BRIEF: Mark T. Calloway, United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED IN PART, DISMISSED IN PART.
 Before WIDENER, WILKINSON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Defendant Lamorris Watson pled guilty to conspiracy to unlawfully possess with intent to distribute cocaine base. The district court found that Watson had at least two prior felony drug convictions and as such was subject to a mandatory minimum sentence of life imprisonment. 21 U.S.C. Sec. 841(b)(1)(A). As a result of Watson's substantial assistance in the prosecution of other drug offenders, however, the district court, upon motion of the government, departed downward from the mandatory minimum and sentenced Watson to 180 months in prison. Watson contends that the downward departure would have been even greater had the court not found that he was eligible for life imprisonment. We think the district court properly found Watson eligible for life imprisonment. Because we lack jurisdiction to review the defendant's challenge to the extent of the downward departure in this case, we dismiss that portion of the appeal.
 
 I.
 
 2
 Defendant Lamorris Watson has a long record of drug offenses beginning in 1986 with the possession of marijuana and escalating by 1988 to the trafficking, selling, and delivery of cocaine. Although Watson's 1988 cocaine offenses were consolidated for sentencing, they occurred on three separate dates (August 25, 1988, October 21, 1988, and October 24, 1988), and they produced separate convictions. In 1990, Watson was sentenced to seven years in prison for these offenses.
 
 
 3
 Approximately two years later and within months of his release, Watson was charged with conspiracy to unlawfully possess with intent to distribute and possession with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) and Sec. 846. After plea negotiations, Watson pled guilty to the first count, and the government dis missed the second. Watson subsequently cooperated with the government in its efforts to convict other parties.
 
 
 4
 The government contended that Watson was subject to a mandatory minimum life sentence as a consequence of his prior felony drug offenses. 21 U.S.C. Sec. 841(b)(1)(A). Watson argued in opposition that because his prior felony convictions were consolidated for sentencing, they constituted only one prior conviction. If this were true, Watson's starting point for a downward departure would have been less than life imprisonment. See 21 U.S.C. Sec. 841(b)(1)(A). The district court ultimately found that Watson's previous drug convictions constituted separate felonies and that Watson was subject to a mandatory minimum life sentence.
 
 
 5
 Watson did not receive a life sentence, however, because his substantial assistance to the prosecution led the government to move under Sec. 5K1.1 of the Sentencing Guidelines for a downward departure in his sentence. The court sentenced Watson to 180 months (within the range for a defendant without enhancements for prior drug convictions, 168 to 210 months). Watson now appeals this sentence.
 
 II.
 
 6
 Watson first argues that the district court erred in finding that his previous four drug convictions did not constitute one conviction for the purposes of sentencing enhancement. Under 21 U.S.C. Sec. 841(b)(1)(A), "[i]f any person commits a violation ... after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release." Here, Watson's convictions arose from offenses that occurred over a two month period and encompassed separate instances of illegal conduct. This court's opinion in United States v. Blackwood, 913 F.2d 139, 147 (4th Cir.1990), makes clear that where, as here, "the predicate convictions[ ] occurred on occasions 'distinct in time,' " they constitute separate convictions for the purposes of Sec. 841(b)(1)(A). We find no error in the district court's conclusion that Watson was subject to a mandatory minimum life sentence.
 
 
 7
 With regard to defendant's other assignments of error, this court lacks jurisdiction under 18 U.S.C. Sec. 3742(a) to review a district court's refusal to depart downward, see United States v. Bayerle, 898 F.2d 28, 30 (4th Cir.1990), cert. denied, 498 U.S. 819 (1990), or "the extent of the district court's downward departure, except in instances in which the departure decision resulted in a sentence imposed in violation of law or resulted from an incorrect application of the Guidelines." United States v. Hill, No. 95-5431, slip op. at 5 (4th Cir. Nov. 27, 1995). Neither exception applies here.
 
 III.
 
 8
 Accordingly, we affirm the judgment of the district court that Watson was eligible for a sentence of life imprisonment and dismiss Watson's appeal of the extent of the district court's downward departure. The result, of course, is that the imposed sentence of 180 months shall stand.
 
 AFFIRMED AND DISMISSED